# In the Court of Common Pleas of Luzerne County.

## TRIMBLY v. MALONEY.

1. A rule to arbitrate, on which arbitrators have been chosen, cannot be stricken off until the day of meeting has gone by. It is error to strike off on the day of meeting.

2. The practice and authorities relative to arbitration rules examined.

**Rule to strike off award of arbitrators.**

Opinion by

DANA, J. On the 23d of May, 1868, the plaintiff entered a rule to choose arbitrators on the 13th June. On the latter day, the defendant being in default, after proof of service, arbitrators were appointed, and the 29th of June fixed as the time of meeting.

Upon the time, and at the place named, the plaintiff's attorney and two of the arbitrators met, and no proof of service of the rule on the opposite party or arbitrators having been made, the place of the missing arbitrator was filled, and at the request of the plaintiff's attorney the arbitrators were sworn, and adjourned to the clerk's office. On re-assembling the same afternoon at the latter place, the second rule was for the first time produced, and it was ascertained that it had not been served in due time upon the defendant.

The defendant thereupon declined to appear and waive the defect of service, and the plaintiff's attorney upon the same day, being the day of the meeting, by precipe directed the striking off the former, and entered another rule of reference, under which arbitrators were in due time appointed, who, on the 31st July, 1868, the time named in the rule, made an award in favor of the plaintiff. The defendant not having appeared either at the time of choosing the arbitrators or on the hearing before them, now comes into court and asks to have the award set aside.

The rule of court (rule 2d, § 1 C. R., p. 5), is, that when arbitrators have been appointed, and the day of meeting has been gone by, without any meeting or agreement to adjourn, such rule may be stricken off by the prothonotary at the instance of either party.

We are of the opinion that the entry of the rule on the 29th of June, the day of the meeting under the previous rule, and before the day of meeting had gone by, was not authorized, and that the proceedings under it, including the award, must be set aside.

Whether, under the irregularities in this case of filling the place of the absent arbitrator and swearing them, without proof of the notices required by the act, the jurisdiction of the arbitrators had attached and the power of the court taken away, it is not necessary to decide. The law may be found in the cases of Hoffman v. Luke. 7 H. 57 ; Camp v. Owego Bank, 10 Watts, 130 ; Wethers v. Haines, 2 Barr 435 ; Foltz v. Grubb et al., 4 P. L. J. 509 ; Thompson v. White, 4 S. & R. 136 ; Burnet v. Hope, 5 Binney 518, and does not in our view, warrant the course adopted by the plaintiff.

In view of the course pursued by the defendant on the day of meeting and in subsequently taking a rule for the former arbitrators to file an award, the costs of the proceedings are ordered to abide the event of the suit.